# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1617 SNLJ |
| | ) | |
| CORIZON MEDICAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $3.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is detained at the St. Louis City Justice Center ("SLCJC"). He brings this action against SLCJC and Corizon for medical mistreatment. In November 2015, he cracked a tooth while eating. Since then, he has suffered from teeth pain, abscesses, headaches, dizziness, and stomach aches. He says these conditions are ongoing.

## Discussion

Plaintiff's claim against SLCJC is legally frivolous because it is not an entity that is subject to a federal lawsuit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

In order to state a claim against Corizon, plaintiff must allege that a policy, custom, or official action of Corizon was responsible for his injuries. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no such allegations. Therefore, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be considered abandoned. *Id.* Plaintiff should name the individuals responsible for his lack of medical care, and he must allege how each and every defendant is directly responsible for the alleged harm. In order to sue these defendants in their individual capacities,

2

plaintiff must specifically say so in the complaint. If plaintiff fails to sue the individual defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days of the date of this Order.

**If plaintiff does not comply with this Order, the Court will dismiss this action without prejudice.**

Dated this 1st day of August, 2017.

_____
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).